UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. WATER SERVICES, INC., | Case No. 11-CV-0895 (PJS/TNL) |
| Plaintiff, | |
| v. | |
| CHEMTREAT, INC., | |
| Defendant. | ORDER |
| CHEMTREAT, INC., | |
| Counterclaimant, | |
| v. | |
| U.S. WATER SERVICES, INC.; GLOBAL PROCESS TECHNOLOGIES, INC.; and ROY JOHNSON, | |
| Counterdefendants. | |

Bruce H. Little, Carrie Ryan Gallia, and Christopher R. Sullivan, LINDQUIST & VENNUM P.L.L.P., for plaintiff and counterdefendants.

David G. Mangum, Michael R. McCarthy, and Brandon J. Mark, PARSONS, BEHLE & LATIMER; Jan M. Conlin, Christopher K. Larus, and Heather M. McElroy, ROBINS, KAPLAN, MILLER & CIRESI L.L.P., for defendant and counterclaimant.

This matter is before the Court on the motion of defendant ChemTreat, Inc. ("ChemTreat") for summary judgment on its counterclaim for noninfringement of U.S. Patent No. 8,039,244 ("the '244 patent").[1]  For the reasons stated below, the motion is granted.

---

[1] Plaintiff U.S. Water Services, Inc. ("U.S. Water") is the exclusive licensee of the '244 patent; additional counterclaim defendants Roy Johnson and Global Process Technologies, Inc. jointly own the patent.  Unless the context indicates otherwise, references to "U.S. Water" in this
(continued...)

U.S. Water is a water-treatment company; its customer base includes the ethanol industry. U.S. Water developed a method — called "pHytOUT" — to reduce the formation of insoluble scale deposits on equipment used in the production of ethanol. The pHytOUT method involves adding the enzyme phytase during the production of ethanol.

In March 2011, ChemTreat began marketing and selling a competing phytase-based product — called "PE1000" — to reduce the formation of scale deposits in ethanol-processing equipment. A month later, U.S. Water filed this action against ChemTreat, claiming (among other things) that ChemTreat had misappropriated its trade secrets. At that time, U.S. Water's application for a patent on the pHytOUT method was pending.

U.S. Water's patent application was eventually approved, and the '244 patent issued on October 18, 2011. That same day, ChemTreat moved for leave to amend its answer to add counterclaims of noninfringement and invalidity of the '244 patent. U.S. Water opposed the motion on the ground that the Court lacked jurisdiction over the counterclaims because there was no Article III case or controversy. Magistrate Judge Tony N. Leung rejected U.S. Water's jurisdictional argument, but denied ChemTreat's motion to amend without prejudice on the ground that an additional party may be necessary. ECF No. 128.

ChemTreat later filed a second, unopposed motion for leave to amend its answer to add the counterclaims. Judge Leung granted the motion. ECF No. 143. The parties then filed competing motions. U.S. Water moved to dismiss ChemTreat's counterclaims, arguing again (as it had before Judge Leung) that no Article III case or controversy existed. ECF No. 150.

---

[1](...continued)
order are intended to include the other counterclaim defendants.

ChemTreat moved for summary judgment on its counterclaim of noninfringement. ECF No. 152.

The Court rejected U.S. Water's jurisdictional argument. Specifically, the Court found that in light of various actions and statements of U.S. Water — including U.S. Water suing ChemTreat for misappropriation of trade secrets based on the same technology to which the '244 patent is directed, as well as U.S. Water alluding to patent litigation in discussions about ChemTreat with customers and suppliers — ChemTreat had an objectively reasonable apprehension of being sued for patent infringement. Thus, this Court found that it had Article III jurisdiction over ChemTreat's counterclaims. ECF No. 197.

At the same time, the Court denied without prejudice ChemTreat's motion for summary judgment. The Court noted that ChemTreat appeared to have an extremely strong case for noninfringement. But, before ruling on ChemTreat's motion, the Court wanted to give U.S. Water a chance to take additional discovery to test the factual assertions on which ChemTreat's motion was based. ECF Nos. 189, 197.

The parties have completed that additional discovery, and that additional discovery does not appear to have undermined any of the factual assertions made by ChemTreat when it moved for summary judgment of noninfringement. ChemTreat now renews that motion. ECF No. 202. U.S. Water has chosen not to oppose the motion on the merits, but instead to renew the jurisdictional arguments that the Court has already rejected. ECF No. 215. U.S. Water's decision not to contest ChemTreat's motion on the merits is wise, as it is absolutely clear that ChemTreat neither directly infringes, nor induces nor contributes to infringement, of the '244 patent.

The critical issue in this case concerns the point in the ethanol-production process at which phytase is added.  The '244 patent contains three independent claims covering methods to reduce the formation of scale deposits on ethanol-processing equipment through the use of phytase.  McCarthy Decl., July 2, 2012 [ECF No. 155] [hereinafter "McCarthy Decl."] Ex. 18 [hereinafter "'244 Pat."].  All three of these claims contain a limitation that phytase (or "an enzyme with phytase activity") be added "to said thin stillage, backset, or mixture thereof . . . ."  See '244 Pat. col. 12:9-11, 50-52, col. 13:8-9.  ChemTreat argues that this limitation, properly construed, necessarily requires that the phytase be added *after* fermentation.  And because ChemTreat teaches its customers to add PE1000 either directly to the fermenters or into additive tanks that are upstream of the fermenters — that is, *before* or *during* fermentation — ChemTreat does not infringe, or induce or contribute to infringement, of the '244 patent.

The Court agrees with ChemTreat.  Nothing in the record contradicts ChemTreat's claim that the method it teaches involves adding phytase before or during fermentation, not after fermentation.  Moreover, the patent is clear that it covers only methods that involve adding phytase after fermentation:

First, the patent specification defines the various process fluids generated during the ethanol-production process, including "thin stillage" and "backset."  "Thin stillage" is defined as "the liquid removed from the mash in ethanol production."  '244 Pat. col. 2:52-53.  "Backset" is thin stillage "that is recycled to the beginning of the dry-grind process . . . ."  ''244 Pat. col. 2:56-57.  "Thin stillage" and "backset" are thus fluids generated by or after fermentation.  *See* McCarthy Decl. Ex. 32 at 304 (diagram of ethanol-production process).  This is confirmed by the specification's reference to "thin stillage" and "backset" as "ethanol processing fluids

downstream of the fermentation process . . . ." '244 Pat. col. 6:11-15; *see also* Skoog Dep. 34, 36-37 (agreeing that thin stillage and backset are process waters that arise after fermentation).

Second, the prosecution history further confirms that the patented methods require phytase (or "an enzyme with phytase activity") to be added after fermentation. In response to the PTO's rejection of their original claims, the inventors canceled a claim that included adding phytase to fermentation fluid, and the inventors distinguished prior-art references by contending that those references did not disclose adding phytase after fermentation. *Compare* McCarthy Decl. Ex. 19 at 3 *with id.* Ex. 20 at 21; *id.* Ex. 19 at 7-8. Thus, the language in the patent claims and specification, as well as the prosecution history, make it clear that practicing ChemTreat's method of adding phytase directly into the fermenters or into additive tanks that are upstream of the fermenters does not infringe the '244 patent.

ChemTreat's motion for summary judgment of noninfringement is granted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for summary judgment [ECF No. 202] is GRANTED.
2. The Court hereby DECLARES that defendant has neither directly infringed nor induced nor contributed to infringement of U.S. Patent No. 8,039,244.

3.  Defendant's counterclaim for declaratory judgment of invalidity is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 16, 2013                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge